MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
ADVANCED MICRO DEVICES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TONY DICKEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:15-cv-04922-RMW<br><br>**DEFENDANT ADVANCED MICRO DEVICES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: February 26, 2016<br>Time: 9:00 a.m.<br>Judge: Honorable Ronald M. Whyte<br>Courtroom: 6, 4th Floor |

1  **I.    INTRODUCTION**

2      Pursuant to Federal Rule of Evidence 201, Defendant Advanced Micro Devices, Inc.

3  ("AMD") hereby requests that the Court take judicial notice of the following items:

- AMD's Limited Warranty for its Processor in a Box, which includes its Bulldozer-based processors, available at http://support.amd.com/en-us/warranty/rma/terms/pib and attached as Exhibit 1 to the Declaration of Matthew D. Powers in support of AMD's Request for Judicial Notice ("Powers Decl.").

- The Terms of Use / Copyright for AMD's website, an incomplete version of which is attached as Exhibit B to Plaintiff's Complaint, and which is available at http://www.amd.com/en-us/who-we-are/copyright. (Exhibit 2 to Powers Decl.)

- Complete versions of online articles about AMD's Bulldozer architecture and design cited by Plaintiff in his Complaint:
    - "AMD Bulldozer Review: FX-8150 Gets Tested" (October 11, 2011), available at http://www.tomshardware.com/reviews/fx-8150-zambezi-bulldozer-990fx,3043-3.html (Exhibit 3 to Powers Decl.);
    - "The Bulldozer Review: AMD FX-8150 Tested" (October 12, 2011), available at http://www.anandtech.com/show/4955/the-bulldozer-review-amd-fx8150-tested (Exhibit 4 to Powers Decl.);
    - "Intel & AMD, Architectural Discussion, How Far Ahead Is Intel?" (August 21, 2013), available at http://linustechtips.com/main/topic/48571-intel-amd-architectural-discussion-how-far-ahead-is-intel (Exhibit 5 to Powers Decl.).

- Public statements about AMD's Bulldozer architecture and design:
    - "AMD Bulldozer (FX) CPU Review," available at http://www.hardwarereview.net/Reviews/AMD%20Bulldozer/AMD-Bulldozer.htm (Exhibit 6 to Powers Decl.);
    - "AMD's FX-8150 'Bulldozer' Processor" (October 12, 2011), available at http://techreport.com/review/21813/amd-fx-8150-bulldozer-processor (Exhibit 7 to Powers Decl.);
    - "AMD Reveals Details About Bulldozer Microprocessors" (August 24, 2010), available at http://www.xbitlabs.com/news/cpu/display/20100824154814_AMD_Unveils_Details_About_Bulldozer_Microprocessors.html (Exhibit 8 to Powers Decl.).

    Here, the Court may take judicial notice of these documents and facts because, as discussed in more detail below, the documents and facts are referenced in Plaintiff's Complaint, and are also both readily accessible and not subject to reasonable dispute. *See, e.g.*, *Minkler v.*

*Apple Inc.*, 2014 WL 4100613, at *1 n.1 (N.D. Cal. Aug. 20, 2014) (taking judicial notice of a company's "Hardware Warranty . . . because [its] accuracy is not disputed and [it is] referenced in the Complaint") (citing Fed. R. Evid. 201); *see also Sharma v. BMW of North America, LLC*, 2014 WL 2795512, at *3 n.3 (N.D. Cal. Jun. 19, 2014) (taking judicial notice of new vehicle warranties); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting Fed. R. Evid. 201).

## II. ARGUMENT

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). And it is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss." *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("A court[ ] may [consider] 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" and "treat such documents as part of the complaint") (citations omitted); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court can take judicial notice of document if complaint refers extensively to it or if it forms the basis of plaintiff's claim); *Avedesian v. Mercedes-Benz USA, LLC*, 2013 WL 2285237, at *1 n.2 (C.D. Cal. May 22, 2013). In ruling upon a motion to dismiss, the Court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Avedesian*, 2013 WL 2285237, at *3.

### A. AMD's Limited Warranty (Exhibit 1)

AMD's limited warranty is properly subject to judicial notice because it consists of facts "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The exhibit reflects the terms of AMD's warranty, and includes information about AMD's obligations relating to the processors that Plaintiff allegedly purchased. Courts routinely take judicial notice of this kind of basic product information that is not subject to any reasonable dispute. *See e.g.*, *Berenblat v. Apple, Inc.*, 2009 WL 2591366, at *1 n.3 ("Apple's Request for Judicial Notice of the terms of the express warranty is granted, as the FAC references the warranty and at least two of the [plaintiffs] exercise their rights under the express warranty."); *Marcus v. Apple Inc.*, 2015 WL 151489, at *2 (N.D. Cal. Jan. 8, 2015) (taking judicial notice of warranty for laptop computers); *see also Minker*, 2014 WL 4100613, at 1 n.1; *Ransom v. Scribner*, 2011 WL 1791551, at *2 n.2 (E.D. Cal. May 9, 2011) (taking judicial notice of disinfectant product information), *aff'd*, 473 Fed. App'x 729 (9th Cir. 2012). Because AMD's warranty is freely accessible on AMD's website, the information is both readily determinable and not subject to reasonable dispute. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of screen shots from a game because it is "capable of accurate and ready determination using sources whose accuracy cannot reasonably be questioned").

Moreover, AMD's limited warranty is also properly subject to judicial notice because Plaintiff's claims—including, specifically, his claim for Breach of Express Warranty—are dependent upon the terms of AMD's warranty. Any sale involving the Bulldozer processors at issue necessarily includes AMD's warranty, and courts routinely take judicial notice of the terms of a contract and of the documents on which the complaint necessarily relies. *See Holland v. TD Ameritrade, Inc.*, 2012 WL 592042, at *4 n.1 (E.D. Cal. Feb. 22, 2012) (taking judicial notice of contract that is referenced in complaint); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of

which is not contested, and upon which the plaintiffs' complaint necessarily relies"), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).

### B. Terms of Use / Copyright From AMD's Website (Exhibit 2)

Exhibit 2, which is the "Terms of Use / Copyright" from AMD's website, is also properly the subject of judicial notice. Plaintiff purports to attach this very document as Exhibit B to his Complaint, but the copy submitted by Plaintiff is illegible because it cuts off part of the document. Because this document is (1) referenced in Plaintiff's Complaint (and part of it is attached to the Complaint), and (2) is capable of "accurate and ready determination" as part of AMD's own website, it is judicially noticeable. *See, e.g.*, *In re Sony Grand WEGA KDT-E A/10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1086 n.4 (S.D. Cal. 2010) (taking judicial notice on a motion to dismiss of television operating instructions referenced in the complaint in support of allegation that instructions misrepresented that televisions would last longer than the warranty period); *Datel Holdings*, 712 F. Supp. 2d at 985 (taking judicial notice of screen shots from a game because it is "capable of accurate and ready determination using sources whose accuracy cannot reasonably be questioned"); *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of defendant's website).

### C. Public Statements About the Bulldozer Architecture and Design From Documents Cited in Plaintiff's Complaint (Exhibits 3-5)

Exhibits 3 through 5 contain copies of documents about the Bulldozer architecture which are cited in Plaintiff's Complaint but not attached to the Complaint. Specifically, Exhibit 3 is cited in footnotes 23 and 33; Exhibit 4 is cited in footnote 33; and Exhibit 5 is cited in footnote 22. These exhibits consist of the entire articles and provide a more complete and accurate context for Plaintiff's statements in the Complaint. Because this information is (1) referenced in Plaintiff's Complaint and (2) is capable of "accurate and ready determination," it is judicially noticeable. *See, e.g.*, *In re Sony Grand,*, 758 F. Supp. 2d at 1086 n.4 (taking judicial notice of the complete operating instructions referenced in the complaint that were used to support allegations of manufacturer's misrepresentation); *Datel Holdings*, 712 F. Supp. 2d at 985; *Coremetrics*, 370

- 4 -

AMD'S REQUEST FOR JUDICIAL NOTICE
ISO MOT. TO DISMISS COMPL
CASE NO. 5:15-CV-04922-RMW

F. Supp. 2d at 1021.

### D. Public Statements About the Bulldozer Architecture and Design (Exhibits 6-8)

Exhibits 6 through 8 contain public statements about the Bulldozer architecture and design. The Court may take judicial notice of the fact that those articles were published (and that the information contained in them was and is freely and publically available) because the fact that each article was published is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Makaeff v. Trump Univ.*, *LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of newspaper and magazine articles); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. Cal. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of the public status of "information contained in news articles submitted by the defendants"); *Datel Holdings*, 712 F. Supp. 2d at 985 (taking judicial notice of statements in the public realm, regardless of the weight of that evidence); *In re Guess?, Inc. Sec. Litig.*, 174 F. Supp. 2d 1067, 1068 n.1 & 1071 (C.D. Cal. 2001) (taking judicial notice of newspaper articles on a motion to dismiss).

## III. CONCLUSION

For the foregoing reasons, AMD respectfully requests that the Court grant its request for judicial notice.

Dated: December 21, 2015

O'MELVENY & MYERS LLP
MATTHEW D. POWERS
KELSEY M. LARSON

By: /s/ Matthew D. Powers
    Matthew D. Powers
Attorneys for Defendant
Advanced Micro Devices, Inc.