MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
E. CLAY MARQUEZ (S.B. #268424)
cmarquez@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
ADVANCED MICRO DEVICES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TONY DICKEY and PAUL PARMER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>Defendant. | Case No. 5:15-cv-04922-RMW<br><br>**DEFENDANT ADVANCED MICRO DEVICES, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   July 22, 2016<br>Time:   9:00 a.m.<br>Judge:   Honorable Ronald M. Whyte<br>Courtroom:   6, 4th Floor |

I. **INTRODUCTION**

In their Opposition to Defendant's Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint (Dkt. No. 58 ("RJN Opp.")), Plaintiffs do not dispute that the Court may take judicial notice of the two third-party articles directly referenced in the Complaint (Exs. 2, 3).[1]  (RJN Opp. at 1 ("Plaintiff [*sic*] does not contest the Court's ability to consider those documents that are referenced in the Complaint").)  However, Plaintiffs do object to the Court's consideration of four other third-party public articles about AMD's Bulldozer chip architecture and design (Exs. 4–7) because the truth of the statements in those articles is subject to dispute. (RJN Opp. at 1.)  Plaintiffs' arguments should be rejected.  AMD does <u>not</u> seek judicial notice of the truth of the articles cited in the RJN.  Instead, for present purposes, it asks only that the Court take notice of the fact that the statements were made publicly.  And, here, the existence of publicly available statements openly discussing information that Plaintiffs claim was concealed (First Amended Complaint (Dkt. No. 50 ("FAC")) ¶¶ 81,82)—regardless of the truth of those statements—is relevant to evaluating Plaintiffs' claims as a matter of law.  Accordingly, the Court should take judicial notice of all of the articles attached to AMD's RJN and consider them in connection with AMD's Motion to Dismiss Plaintiffs' First Amended Complaint.

II. **ARTICLES ABOUT AMD'S BULLDOZER ARCHITECTURE AND DESIGN ARE JUDICIALLY NOTICEABLE FOR THE FACT OF THEIR PUBLICATION**

Plaintiffs oppose AMD's request for judicial notice of certain third-party articles discussing the architecture and design of the Bulldozer-based CPUs (Powers Decl. Exs. 4-7) on the grounds that AMD uses the articles for "two purposes: (i) to show that the Bulldozer CPU design 'was quite public and was extensively discussed in technology blogs . . .' and (ii) to support certain of AMD's factual contentions." (RJN Opp. at 1.) As an initial matter, AMD does not seek judicial notice of the truth of the articles.  Rather, AMD simply asks the Court to "take judicial notice of the fact that those articles were published (and that the information contained in them was and is freely and publicly available)." (AMD's Request for Judicial Notice In Support

---

[1] All references to "Ex. __" are to the Exhibits to the Powers Declaration in Support of Request for Judicial Notice (Dkt. No. 53-1).

of Motion to Dismiss First Amended Complaint (Dkt. No. 53 ("RJN")) at 3.)  Although the truth of the statements in the articles may be contested, the fact that they were published and available to the public should not be.

Plaintiffs also argue that "the Bulldozer Articles' public availability is contested" because "AMD provides no explanation of (i) when any of the Bulldozer Articles were first published, (ii) whether the Articles have remained online through the present day, or (iii) whether the Articles were accessible by the public within that timeframe."  (RJN Opp. at 2.)  Those arguments should be rejected.

### A.     Exhibits 4-6 Are Dated Public Statements of Public Information

As Plaintiffs recognize, two of the four articles (Exs. 5-6) are clearly dated from October 2011 and August 2010, respectively, and were printed from the internet in December 2015.  (RJN Opp. at 2 (citing RJN ¶¶ 5–8).)  The third article (Ex. 4) also dates itself in its opening paragraph, which describes "today" as the long-awaited initial release of the Bulldozer-based CPUs—which as Plaintiffs acknowledge, occurred in October 2011.  (*See* Ex. 4; *see also* FAC ¶ 43 (citing October 12, 2011 AMD product launch press release).)  Plaintiffs do not—and could not—argue that those dates are irrelevant.  Their only dispute is that they have "no independent way to confirm whether, when, or how those articles were previously available online.  (RJN Opp. at 2.)  But courts commonly accept dates on online articles as reliable indicators of the dates of publication.  *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of newspaper and magazine articles and webpages); *Spitzer v. Aljoe*, 2016 U.S. Dist. LEXIS 78091, at *12 (N.D. Cal. June 15, 2016) (taking judicial notice of a copy of an online article for the fact that it was in the public realm); *see McCrary v. Elations Co., LLC*, 2014 U.S. Dist. LEXIS 8443, at *4 n.3 (C.D. Cal. Jan. 13, 2014) (taking judicial notice of the fact of publication of two internet articles and a Wikipedia entry).

The cases that Plaintiffs cite are not to the contrary.  In *Fraley v. Facebook, Inc.*, for example, the court declined to take judicial notice of wholly undated articles that because there was no evidence to show that the articles were dated prior to the initial injury.  830 F. Supp. 2d 785, 795 (N.D. Cal. 2011).  By contrast, these three articles are plainly dated many years prior to

Plaintiffs purchasing the Bulldozer-based CPUs at issue. And in *Gerritsen v. Warner Bros. Entertainment, Inc.*, it was "irrelevant . . . that the information in the press releases and news articles was publicly available" and the plaintiff sought judicial notice of those articles only for their truth. 112 F. Supp. 3d 1011, 1029-30 (C.D. Cal. 2015). By contrast, public information about the architecture and performance of the Bulldozer-based CPUs is directly relevant to Plaintiffs' claims. (*See* FAC ¶ 7.)[2]

All of these articles are directly relevant to what "reasonable" consumers could "expect" from their Bulldozer-based CPUs. As these articles illustrate, the supposedly undisclosed details of AMD's Bulldozer-based architecture were widely and publicly discussed online. (*See, e.g.*, Ex. 4 ("The design is based around a number of 'Bulldozer Modules' containing two cores . . ."); Ex. 5 ("The first incarnation of the Bulldozer architecture is a formidable chip, with four modules onboard. That gives it a total of eight integer cores, with four floating-point units."); Ex. 6 ("[AMD's] multi-core chips will consist of several major blocks, each of which will have two independent integer cores . . . . Such 'dual-core' major block will not be as efficient as two traditional cores, but will consume less power and will use less die space . . . .").) Again, whether the *contents* of the particular articles are accurate is not presently at issue; AMD seeks judicial notice of these articles simply to show the publicly available information that would necessarily inform the "expectations" of a reasonable consumer.

**B.   Exhibit 7 Is Noticed Only As a Public Statement About the Industry Definition of "Core"**

Finally, while Ex. 7, a Wikipedia page, is undated, courts have taken judicial notice of similar Wikipedia entries to show what information was available to the public at the time the page was captured. *See McCrary,* 2014 U.S. Dist. LEXIS 8443, at *4, n.3 (taking judicial notice of the fact of publication of a Wikipedia entry). Here, as with the articles discussed above, the fact that at least some online sources (including Wikipedia) consider the Bulldozer chips at issue

---

[2] Plaintiffs also cite *Missud v. Oakland Coliseum Joint Venture*, 2013 WL 3286193 (N.D. Cal. June 27, 2013) for the premise that "articles on websites 'are not subject to judicial notice as public records.'" (RJN Opp. at 3.) But AMD does not contend these articles are public records.

to be "eight-core" CPUs is relevant to Plaintiffs' "industry standard" allegations and the "expectations" of reasonable consumers.

## III.  CONCLUSION

For the foregoing reasons, AMD respectfully requests that the Court grant its request for judicial notice.

Dated:  June 30, 2016

O'MELVENY & MYERS LLP
MATTHEW D. POWERS

By:  /s/ *Matthew D. Powers*
Matthew D. Powers
Attorneys for Defendant
Advanced Micro Devices, Inc.