MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
E. CLAY MARQUEZ (S.B. #268424 )
cmarquez@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA  90071-2899
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

Attorneys for Defendant
ADVANCED MICRO DEVICES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TONY DICKEY and PAUL PARMER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br><br>            Defendant. | Case No.  5:15-cv-04922-HSG<br><br>**DEFENDANT ADVANCED MICRO DEVICES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:        Feb 2, 2017<br>Time:       2:00 p.m.<br>Judge:      Honorable Haywood S. Gilliam<br>Courtroom: 10, 19th Floor |

## I.  INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Advanced Micro Devices, Inc. ("AMD") hereby requests that the Court take judicial notice of the following items:

- Complete versions of the online articles, presentations and texts cited by Plaintiffs in their Second Amended Complaint:
    - "Definition of 'Processor'," available at http://whatis.techtarget.com/definition/procesor (Exhibit A to Marquez. Decl.)
    - "Definition of 'multi-core processor'," available at http://whatis.techtarget.com/definition/mutli-core-procesor (Exhibit B to Marquez Decl.)
    - Guoliang Zhou & Han Zhang, Multi-core CPU Based Parallel Cube Algorithms, *in* Advanced Research on Computer Science and Information Engineering: International Conference, CSIE 2011, Zhengzhou, China, May 21-22 2011, Proceedings, Part 2 (Gang Shen & Xiong Huang eds., 2011) (Exhibit C to Marquez Decl.)
    - "Understanding Operating Systems*,* 5th Edition, Ch. 6, Concurrent Processes", available at http:/www.unf.edu/~sahuga/cop4640/ConcurrentProcess.ppt (Exhibit D to Marquez Decl.)
    - Roderick W. Smith, LPIC-2, Linux Professional Institute Certification STUDY GUIDE (2011) (Exhibit E to Marquez Decl.)
    - "Multiprocessors, Georgia Tech College of Computing," available at www.cc.gatech/~milos/Teaching/CS6290F07/12_Multiprocessors.ppt (Exhibit F to Marquez Decl.)
    - Pöhling Mathias & Ingo Brenckmann, The SAP HANA Project Guide § 3.1.2 (2013) (Exhibit M to Marquez Decl.)
    - Deborah Morley & Charles S. Parker, Understanding COMPUTERS Today and Tomorrow (16th ed. 2007) (Exhibit N to Marquez. Decl.)
    - Eric Siebert, VMware V13, Implementation and Administration (2009) (Exhibit O to Marquez Decl.)
- Complete versions of online articles about AMD's Bulldozer architecture and design cited by Plaintiffs in their initial Complaint and First Amended Complaint:
    - "The Bulldozer Review: AMD FX-8150 Tested" (October 12, 2011), available at http://www.anandtech.com/show/4955/the-bulldozer-review-amd-fx8150-tested (Exhibit G to Marquez Decl.);

- o  "AMD Bulldozer Review: FX-8150 Gets Tested" (October 12, 2011), available at http://www.tomshardware.com/reviews/fx-8150-zambezi-bulldozer-990fx,3043-3.html (Exhibit L to Marquez Decl.).

- Public statements about AMD's Bulldozer architecture and design:

  - o  "AMD Bulldozer (FX) CPU Review," available at https://web.archive.org/web/20111020061756/http://www.hardwarereview.net/Reviews/AMD%20Bulldozer/AMD-Bulldozer.htm (Exhibit H to Marquez Decl.);

  - o  "AMD's FX-8150 'Bulldozer' Processor" (October 12, 2011), available at http://techreport.com/review/21813/amd-fx-8150-bulldozer-processor (Exhibit I to Marquez Decl.);

  - o  "AMD Reveals Details About Bulldozer Microprocessors" (August 24, 2010), available at http://www.xbitlabs.com/news/cpu/display/20100824154814_AMD_Unveils_Details_About_Bulldozer_Microprocessors.html (Exhibit J to Marquez Decl.);

  - o  Wikipedia, "Multi-core Processor," available at https://en.wikipedia.org/wiki/Multi-core_processor (last visited December 14, 2016) (Exhibit K to Marquez Decl.).

Here, the Court may take judicial notice of these documents and facts because, as discussed in more detail below, the documents and facts are referenced in Plaintiffs' Second Amended Complaint ("SAC"), and are also both readily accessible and not subject to reasonable dispute.  *See, e.g.*, *Minkler v. Apple Inc.*, 65 F. Supp. 3d 810, 814 n.1 (N.D. Cal. 2014) (taking judicial notice of a company's "Hardware Warranty ... because [its] accuracy is not disputed and [it is] referenced in the Complaint") (citing Fed. R. Evid. 201); *see also Sharma v. BMW of N. Am., LLC*, 2014 WL 2795512, at *3 n.3 (N.D. Cal. June 19, 2014) (taking judicial notice of new vehicle warranties); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting Fed. R. Evid. 201).

## II. ARGUMENT

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). And it is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss." *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("[A] court[ ] may [consider] 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" and "treat such [ ] document[s] as part of the complaint") (citations omitted); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court can take judicial notice of document if complaint refers extensively to it or if it forms the basis of plaintiff's claim); *Avedisian v. Mercedes-Benz USA, LLC*, 2013 WL 2285237, at *1 n.2 (C.D. Cal. May 22, 2013). In ruling upon a motion to dismiss, the Court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Avedisian*, 2013 WL 2285237, at *3.

### A. Public Statements About the Multi-Core Processors from Documents Cited in Plaintiffs' Second Amended Complaint (Exhibits A-F, M-O)

Exhibits A through F and M through O contain copies of documents discussing various aspects of multi-core processor design and functionality that were cited by Plaintiffs in the SAC in support of Plaintiffs' alleged "industry-standard definition," but that were not attached to the SAC. Specifically, Exhibit A is cited in footnote 1, Exhibit B is cited in footnote 2, Exhibit F is cited in footnote 7, Exhibit D is cited in footnote 8 and Exhibits C, E, M, N and O are cited in paragraph 23. These exhibits consist of the entire articles (or in the case of Exhibits C, E, M, N and O, more complete excerpts from voluminous textbooks and technical guides) and provide a

more complete and accurate context for those materials that Plaintiffs rely on in the SAC. Because these materials are (1) referenced in Plaintiffs' SAC and (2) capable of "accurate and ready determination," they are judicially noticeable. *See, e.g.*, *In re Sony Grand*, 758 F. Supp. 2d 1077, 1086 n.4 (S.D. Cal. 2011) (taking judicial notice of the complete operating instructions referenced in the complaint that were used to support allegations of manufacturer's misrepresentation); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010); *Coremetrics, Inc. v. Atomic Park, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2013).

**B. Public Statements About the Bulldozer Architecture and Design from Documents Cited in Plaintiffs' Prior Complaints (Exhibits L and G)**

Exhibits L and G contain copies of documents about the Bulldozer architecture which were cited in Plaintiffs' initial Complaint and FAC and which this Court has previously taken judicial notice of. (Order Re: Motion to Dismiss First Amended Complaint, 5-6 (Dkt. No. 71).) Specifically, Exhibit G is cited in footnote 33 of the initial Complaint and footnote 35 of the FAC, and Exhibit L is cited in footnotes 23 and 33 of the initial Complaint and footnotes 25 and 35 of the FAC. These exhibits consist of articles previously cited by Plaintiffs in their prior complaints, and provide a more complete and accurate context for Plaintiffs' prior allegations. Because this information is (1) referenced in Plaintiffs' initial Complaint and FAC, and thereby incorporated into their prior allegations; and (2) capable of "accurate and ready determination," it is judicially noticeable. *See, Lautner v. Anoufrieva*, 642 F. Supp. 2d 1060, 1077 (C.D. Cal. 2009) (court "may take judicial notice of [a] prior complaint with exhibits." (citing *Tekle v. United States*, 2002 WL 1988178, at *3 (C.D. Cal. Apr. 30, 2002)); *Rupert v. Bond,* 68 F.Supp.3d 1142, 1154-55 (N.D. Cal 2014) (holding that the court may take judicial notice of prior complaints); *Louisiana Municipal Police Employees' Retirement System v. Wynn*, 829 F.3d 1048, 1063 (9th Cir 2016); *see also*, *In re Sony Grand*, 758 F. Supp. 2d at 1086 n.4; *Datel Holdings*, 712 F. Supp. 2d 974 at 985; *Coremetrics*, 370 F. Supp. 2d at 1021.

**C. Public Statements About Bulldozer Architecture and Design (Exhibits H-K)**

Exhibits H through K contain public statements about the Bulldozer architecture and design which are being submitted for the fact of their publication (not for the truth of their

contents). The Court may take judicial notice of the fact that those articles were published[1] (and that the information contained in them was and is freely and publicly available) because the fact that each article was published is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of newspaper and magazine articles); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of the public status of "information contained in news articles submitted by the defendants"); *Datel Holdings*, 712 F. Supp. 2d at 985 (taking judicial notice of statements in the public realm, regardless of the weight of that evidence); *In re Guess?, Inc. Sec. Litig.*, 174 F. Supp. 2d 1067, 1068 n.1 & 1071 (C.D. Cal. 2001) (taking judicial notice of newspaper articles on a motion to dismiss).

### III.  CONCLUSION

For the foregoing reasons, AMD respectfully requests that the Court grant its request for judicial notice.

Dated: December 15, 2016            O'MELVENY & MYERS LLP

                                    By:     /s/ *Matthew D. Powers*
                                            Matthew D. Powers

                                    Attorneys for Defendant
                                    ADVANCED MICRO DEVICES, INC.

---

[1] Exhibits I and J are dated from October 2011 and August 2010, respectively, and were printed from the internet in December 2016. These dates are relevant given Plaintiffs' allegations that the Bulldozer-based CPUs were first sold in 2011 (SAC ¶ 46) and were purchased by Plaintiffs in March and June 2015, respectively. (*Id.* ¶¶ 52, 58.) Exhibit H dates itself in its opening paragraph, which describes "today" as the initial release of the Bulldozer-based CPUs. *See* Ex. H; *see also* SAC ¶ 46. Exhibit K was printed from the internet in December 2016, immediately following Plaintiffs filing of the SAC.