1

2                     **UNITED STATES DISTRICT COURT**

3                    **NORTHERN DISTRICT OF CALIFORNIA**

4                           **OAKLAND DIVISION**

5
TONY DICKEY and PAUL PARMER,              Case No. 4:15-cv-04922-HSG
6
individually and on behalf of all others
**CLASS ACTION SETTLEMENT**
similarly situated,
7                                         **AGREEMENT**

8                    Plaintiffs,
Judge:   Hon. Haywood S. Gilliam, Jr.
9          v.

10  ADVANCED MICRO DEVICES, INC., a
Delaware corporation,
11
12                   Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Agreement ("Agreement" or "Settlement Agreement") is entered on this 9th day of August, 2019 by and among (i) Tony Dickey and Paul Parmer (the "Named Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Advanced Micro Devices, Inc. ("AMD" or "Defendant"), by and through their respective counsel. The Settlement Class and Named Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## **RECITALS**

**A.**    On October 26, 2015 plaintiff Tony Dickey filed a putative class action complaint (the "Complaint") against Defendant in the Northern District of California, alleging violations of Cal. Civ. Code §§ 1750 *et seq.*, violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, common law fraudulent inducement; common law breach of express warranties, negligent misrepresentation, and unjust enrichment.

**B.**    In response to the Complaint, on December 21, 2015, Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12. After full briefing and argument, on April 7, 2016, the Court granted Defendant's motion to dismiss with leave to amend.

**C.**    Thereafter, on May 5, 2016, Plaintiffs filed a First Amended Complaint (the "FAC") which removed the claim for unjust enrichment, but realleged the other causes of action that were included in the Complaint.

**D.**    In response to the FAC, on May 26, 2016, Defendant again moved to dismiss pursuant to Fed. R. Civ. P. 12. After full briefing and argument, on October 31, 2016, the Court granted Defendant's motion to dismiss with leave to amend.

**E.**    Thereafter, on November 21, 2016, Plaintiffs filed a Second Amended Complaint (the "SAC"), realleging all causes of action that were included in the FAC.

**F.**    In response to the SAC, on December 15, 2016, Defendant once again moved to dismiss pursuant to Fed. R. Civ. P. 12. After full briefing and argument, on June 14, 2017, the

1    Court granted in part, and denied in part, the motion to dismiss, granting the motion as to

2    Plaintiff's claim for injunctive relief, and denying the motion in all other respects.

3         **G.**      Thereafter, on July 19, 2017, the Defendant answered the SAC. The Parties then

4    embarked on discovery, exchanging substantial fact and expert discovery, including document

5    production, exchanges of multiple sets of interrogatories, depositions of plaintiffs, and disclosure

6    of expert reports.

7         **H.**      On March 27, 2018, Plaintiffs filed a motion to certify the Unfair Competition Law

8    and False Advertising Law claims of a proposed class.

9         **I.**      On January 17, 2019, the Court granted Plaintiffs' motion and certified a class

10   comprised of "[a]ll individuals who purchased one or more of the following AMD computer chips

11   either (1) while residing in California or (2) after visiting the AMD.com website: FX-8120, FX-

12   8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX- 9590."

13        **J.**      On March 28, 2019 and on June 3, 2019, amended case schedules were entered,

14   under which fact discovery would close in September 2019.

15        **K.**      Throughout the pendency of the Action, the Parties discussed the prospect of

16   settlement. In August 2016, they had agreed to an early mediation with the former Chief

17   Magistrate Judge of the Northern District of Illinois, the Honorable Morton Denlow (ret.) of

18   JAMS (Chicago). However, an initial call with Judge Denlow on August 18, 2016 revealed that

19   the Parties had dramatically different views on settlement. As a result, and at the suggestion of

20   Judge Denlow, the Parties agreed to cancel the mediation. Nevertheless, the Parties committed to

21   revisiting settlement talks at a later date if they deemed it appropriate.

22        **L.**      After much litigation, in January 2019, the Parties agreed to attend a full-day

23   mediation, with the former Chief Judge of the Northern District of Illinois, the Honorable James F.

24   Holderman (ret.) of JAMS (Chicago). On May 9, 2019, the Parties attended a full-day mediation

25   before Judge Holderman, and after several rounds of arms' length negotiations, ultimately reached

26   a class action settlement that, if finally approved by the Court, would completely resolve this

27   Action.

28        **M.**      At all times, Defendant has denied and continues to deny any wrongdoing

1   whatsoever and has denied and continues to deny that it committed, or threatened or attempted to

2   commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking

3   into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is

4   desirable and beneficial that the Action be fully and finally settled and terminated in the manner

5   and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise,

6   and the Agreement, any related documents, and any negotiations resulting in it shall not be

7   construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing

8   on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim

9   of any fault or liability or wrongdoing or damage whatsoever.

10       **N.**      Plaintiffs believe that the claims asserted in the Action against Defendant have

11  merit and that they would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiffs

12  and Class Counsel recognize that Defendant has raised factual and legal defenses that present a

13  risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and

14  delay associated with continued prosecution of the Action against Defendant through summary

15  judgment, trial, and any further appeals. Plaintiffs and Class Counsel have also taken into account

16  the uncertain outcome and risks of litigation, especially in complex class actions, as well as the

17  difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released

18  Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their

19  evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair,

20  reasonable, and adequate to the Settlement Class, and that it is in the best interests of the

21  Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of

22  this Agreement.

23       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

24  Named Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through their

25  undersigned counsel that, subject to final approval of the Court after a hearing or hearings as

26  provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties

27  from the Agreement set forth herein, that the Action and the Released Claims shall be finally and

28  fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon

1   and subject to the terms and conditions of this Agreement.

2                                    **AGREEMENT**

3   1.      **DEFINITIONS.**

4           As used in this Settlement Agreement, the following terms have the meanings specified

5   below:

6           **1.1     "Action"** means *Tony Dickey and Paul Parmer v. Advanced Micro Devices, Inc.*,

7   Case No. 4:15-cv-04922-HSG, pending in the United States District Court for the Northern

8   District of California, Oakland Division.

9           **1.2     "Approved Claim"** means a Claim Form submitted by a Settlement Class Member

10  that: (a) is submitted timely and in accordance with the directions on the Claim Form and the

11  provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement

12  Class Member with all of the information requested in the Claim Form; (c) is signed by the

13  Settlement Class Member, physically or electronically; and (d) is approved by the Settlement

14  Administrator pursuant to the provisions of this Agreement.

15          **1.3     "Claim Form"** means the document substantially in the form attached hereto as

16  Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class

17  Members who wish to file a Claim for a payment, shall be available in electronic and paper format

18  in the manner described below.

19          **1.4     "Claims Deadline"** means the date by which all Claim Forms must be postmarked

20  or received to be considered timely and shall be set at a date no later than seven (7) days prior to

21  the Final Approval Hearing. The Claims Deadline shall be clearly set forth in the Order for Notice

22  and Hearing as well as in the Notice and the Claim Form.

23          **1.5     "Class Counsel"** means Rafey S. Balabanian and Todd Logan of Edelson PC.

24          **1.6     "Class Representatives"** means the Named Plaintiffs in this Action, Tony Dickey

25  and Paul Parmer.

26          **1.7     "Court"** means the United States District Court for the Northern District of

27  California, the Honorable Haywood S. Gilliam, Jr. presiding, or any judge who shall succeed him

28  as the Judge in this Action.

1.8     **"Defendant"** means Advanced Micro Devices, Inc., the defendant in the Action.

1.9     **"Defendant's Counsel"** means Matthew D. Powers and E. Clay Marquez of O'Melveny & Myers LLP.

1.10    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.11    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Payments shall be deposited by Defendant into the Escrow Account and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.12    "**Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.13    **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representatives.

**1.15** **"Final Judgment"** or **"Final Settlement Order"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.16** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process and Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

**1.17** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than forty-five (45) days after Preliminary Approval.

**1.18** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.19** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.20** **"Plaintiffs"** means Tony Dickey, Paul Parmer, and the Settlement Class Members.

**1.21** **"Preliminary Approval"** means the Court's preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.22** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.23    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on California's Unfair Competition Law, California's False Advertising Law, California's Consumer Legal Remedies Act, or on claims of fraudulent inducement, breach of express warranty, or negligent misrepresentation, or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any marketing materials, advertising, descriptions, facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the number of cores in AMD's FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX- 9590 processors, including all claims that were brought or could have been brought in the Action relating to representations about those CPUs.

1.24    **"Released Parties"** means Defendant Advanced Micro Devices, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, subsidiaries, direct and indirect distributors, resellers, and customers (including through multiple levels of sale or distribution), licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, and trusts.

1.25    **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants,

1  financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors,

2  legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

3     **1.26  "Settlement Administration Expenses"** means the expenses incurred by the

4  Settlement Administrator in providing Notice, processing claims, responding to inquiries from

5  members of the Settlement Class, mailing checks for Approved Claims, and related services. The

6  Settlement Administrator anticipates the total cost of Settlement Administration to be

7  approximately $350,000-$700,000, depending on factors such as the number of physical addresses

8  ultimately produced pursuant to subpoenas served upon third parties to this litigation.

9     **1.27  "Settlement Administrator"** means Angeion Group, subject to Court approval,

10  who shall oversee the distribution of Notice, as well as the processing and payment of Approved

11  Claims to the Settlement Class as set forth in this Agreement.

12     **1.28  "Settlement Class"** means all Persons who purchased one or more of the following

13  AMD computer chips either (1) while residing in California or (2) after visiting the AMD.com

14  website: FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX-9590. Excluded

15  from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members

16  of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors,

17  predecessors, and any entity in which the defendant or its parents have a controlling interest and

18  their current or former officers, directors, and employees, (3) persons who properly execute and

19  file a timely request for exclusion from the class, and (4) the legal representatives, successors or

20  assigns of any such excluded persons.

21     **1.29  "Settlement Class Member"** means a Person who falls within the definition of the

22  Settlement Class as set forth above and who has not submitted a valid request for exclusion.

23     **1.30  "Settlement Fund"** means the non-reversionary cash fund that shall be

24  established by Defendant in the total amount of twelve million one hundred thousand dollars

25  ($12,100,000.00) to be deposited into the Escrow Account via Defendant's Settlement Payments,

26  plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay

27  all Approved Claims made by Settlement Class Members, Settlement Administration Expenses,

28  any incentive award to the Class Representatives, and any Fee Award to Class Counsel. The

Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Payments represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than twelve million one hundred thousand dollars ($12,100,000.00)

    **1.31** **"Settlement Payments"** means those payments made by Defendant, totaling twelve million one hundred thousand dollars ($12,100,000.00), and deposited in the Escrow Account for the purpose of establishing the Settlement Fund.

    **1.32** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that

1  it is their intention to finally and forever settle and release the Released Claims, notwithstanding

2  any Unknown Claims they may have, as that term is defined in this Paragraph.

3  2.      **SETTLEMENT CONSIDERATION.**

4          In consideration of the Release provided for in Section 3 and the dismissal of the Action

5  with prejudice, AMD agrees to provide the following consideration to the Plaintiffs under the

6  terms of the Settlement Agreement.

7      **2.1     Monetary Compensation.**

8          (a)     Defendant shall pay or cause to be paid into the Escrow Account an initial

9  Settlement Payment in the amount of six million fifty thousand dollars ($6,050,000.00) within

10  fourteen (14) business days after Preliminary Approval. Defendants shall then pay or cause to be

11  paid into the Escrow Account a second and final Settlement Payment in the amount of six million

12  fifty thousand dollars ($6,050,000.00) within ten (10) business days after Final Approval.

13          (b)     Settlement Class Members shall have until the Claims Deadline to submit

14  an Approved Claim for up to five (5) qualifying purchases of an FX-8120, FX-8150, FX-8320,

15  FX-8350, FX-8370, FX-9370, or FX-9590 CPU(s), without proof of purchase. Settlement Class

16  Members seeking to file a claim for more than five (5) qualifying purchases will be required to

17  provide the Claims Administrator with reasonable proof of purchase. Each Settlement Class

18  Member with an Approved Claim shall be entitled to a *pro rata* portion, on a per- -CPU basis, of

19  the Settlement Fund to be paid by check after deducting the Settlement Administration Expenses,

20  any Fee Award to Class Counsel, any incentive award for the Class Representatives, and any other

21  amounts payable under the Agreement.

22          (c)     In the event that the total *pro rata*, per-CPU distribution entitlement of any

23  individual class member exceeds $300 (*i.e.,* the approximate original retail price of the AMD FX-

24  9590 CPU ), all amounts above and beyond $300 per CPU shall be distributed to a reasonable *cy*

25  *pres* recipient, subject to Court approval.

26          (d)     Within sixty (60) days after the Effective Date, or such other date as the

27  Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved

28  Claims by check.

---

(e)      All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall be placed into a Second Distribution fund. If appropriate, at the Parties' election, funds remaining from any uncashed checks provided during the initial distribution may be used for a Second Distribution to participating class members on a *pro rata* basis, and/or may be directed to an appropriate *cy pres* recipient, agreed upon by the Parties and subject to Court approval, in lieu of a Second Distribution. To the extent that a Second Distribution is made and any Second Distribution checks remain uncashed after ninety (90) days, such funds shall be directed to an appropriate *cy pres* recipient, agreed upon by the Parties and subject to Court approval.

(f)      Subject to Court approval, the Parties agree to engage the Rose Foundation, located at 201 4th Street, Suite 102, Oakland, CA 94607, for purposes of managing the distribution of any *cy pres* funds and the selection of an appropriate *cy pres* recipient(s) whose work is closely related to the issues raised by this litigation and/or furthers the objectives of this Settlement Agreement. The Parties further agree that any Rose Foundation fees will be paid exclusively from the Settlement Fund.

**3.      RELEASE.**

**3.1**      The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.      NOTICE TO THE CLASS.**

**4.1**      The Notice Plan shall consist of the following:

(a)      *Settlement Class List*.   No later than fourteen (14) business days after the execution of this Agreement, Class Counsel will seek to obtain the last known U.S. Mail addresses and email addresses of Persons in the Settlement Class by issuing subpoenas for such information

to certain third-party resellers of AMD's processors at issue in the Action and provide that contact information to the Settlement Administrator. The Settlement Administrator shall use this information to create the "Class List," a copy of which shall be provided to Class Counsel and Defendant's Counsel.

(b)   *Direct Notice via U.S. Mail*.   No later than the Notice Date, the Settlement Administrator shall send notice substantially in the form attached as Exhibit B and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members whose U.S. Mail address is available in the Class List. In the event that claims representing fewer than 50,000 CPU purchases have been submitted by the date that is thirty (30) days prior to the Claims Deadline, the Settlement Administrator shall again send notice substantially in the form attached as Exhibit B and a postcard Claim Form with return postage prepaid via First Class U.S. Mail to all Settlement Class Members whose U.S. Mail address is available in the Class List.

(c)   *Direct Notice via Email.*   No later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice. Thirty (45) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit C, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

(d)   *Settlement Website.* Within ten (10) days from Preliminary Approval, Notice shall be provided on a website at www.amdcpusettlement.com, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto. The Settlement Website will be periodically updated to provide the estimated pro rata payment amount based on the number of participating Settlement Class

1    Members.

2        **(e)**    *Digital Publication Notice*. The Settlement Administrator will supplement

3    the direct mail postcard and email notice with Internet banner ads, which allows access to several

4    thousand premium high-quality websites likely to be visited by Settlement Class Members. These

5    ads will run for at least one month and will contain active hyperlinks to the Settlement Website.

6    The final banner ads, and the banner ad program, to be used shall to be subject to the final

7    approval of Defendant, approval not to be unreasonably withheld. Any disputes between the

8    Parties regarding banner ads shall be submitted to the Honorable James F. Holderman (ret.) of

9    JAMS for binding determination.

10        **(f)**    *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days

11    after the Agreement is filed with the Court, Defendant shall cause to be served upon the Attorneys

12    General of each U.S. State in which Settlement Class members reside, the Attorney General of the

13    United States, and other required government officials, notice of the proposed settlement as

14    required by law.

15        **4.2**    The Notice shall advise the Settlement Class of their rights, including the right to

16    be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.

17    The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted

18    in support of said objection, shall be considered by the Court at the Final Approval Hearing only

19    if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the

20    Notice, the Person making the objection files notice of an intention to do so and at the same time

21    (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing

22    with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented

23    by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such

24    papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

25    The Notice shall also advise the Settlement Class of the total value of the Settlement Fund and the

26    approximate value of anticipated distributions per CPU.

27        **4.3**    Any Settlement Class Member who intends to object to this Agreement must

28    present the objection in writing, which must be personally signed by the objector, and must

---

include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the model of AMD CPU purchased and statement that it was either purchased while residing in California or after visiting the AMD.com website; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the model of AMD processor(s) purchased, the number of AMD processors purchased, and a statement that it was either purchased while residing in California or after visiting the AMD.com website; a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified

in the Notice.

**4.5** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(f) is provided.

**4.6** Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5. SETTLEMENT ADMINISTRATION.

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims, the number and value of checks not cashed, and the amount distributed to any *cy pres* recipient. Without limiting the foregoing, the Settlement Administrator shall:

(a) Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement,

1   and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been

2   finally approved or disallowed in accordance with the terms of this Agreement;

3          **(b)**      Receive requests to be excluded from the Settlement Class and other

4   requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the

5   Settlement Administrator receives any exclusion forms or other requests after the deadline for the

6   submission of such forms and requests, the Settlement Administrator shall promptly provide

7   copies thereof to Class Counsel and Defendant's Counsel;

8          **(c)**      Provide weekly reports to Class Counsel and Defendant's Counsel,

9   including without limitation, reports regarding the number of Claim Forms received, the number

10  approved by the Settlement Administrator, and the categorization and description of Claim Forms

11  rejected, in whole or in part, by the Settlement Administrator; and

12         **(d)**      Make available for inspection by Class Counsel or Defendant's Counsel the

13  Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

14      **5.2**     The Settlement Administrator shall be obliged to employ reasonable procedures to

15  screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud,

16  including by cross-referencing Approved Claims with the Class List. The Settlement

17  Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is

18  an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on

19  the Claim Form or the terms of this Agreement, or (b) provide full and complete information as

20  requested on the Claim Form. In the event a Person submits a timely Claim Form by the Claims

21  Deadline but the Claim Form is not otherwise complete, then the Settlement Administrator shall

22  give such Person one (1) reasonable opportunity to provide any requested missing information,

23  which information must be received by the Settlement Administrator no later than thirty (30)

24  calendar days after the Claims Deadline. In the event the Settlement Administrator receives such

25  information more than thirty (30) days after the Claims Deadline, then any such claim shall be

26  denied. The Settlement Administrator may contact any Person who has submitted a Claim Form to

27  obtain additional information necessary to verify the Claim Form.

28      **5.4**     Defendant's Counsel and Class Counsel shall have the right to challenge the

acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable James F. Holderman (ret.) of JAMS for binding determination.

   **5.5**    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.    TERMINATION OF SETTLEMENT.

   **6.1**    Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the U.S. Court of Appeals for the Ninth Circuit or the Supreme Court of the United States; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the U.S. Court of Appeals for the Ninth Circuit or the Supreme Court of the United States.

   **6.2**    Within ten (10) business days after the last day for Settlement Class Members to opt-out, the Settlement Administrator will provide to Defendant's Counsel a list of all Persons who opted out by validly requesting exclusion. In the event that the number of Persons who opted out exceeds 30,000, or the number of CPUs purchased by Persons who opted out exceeds 50,000 CPUs, Defendant may elect to terminate this Agreement on the ground that exclusion at that level threatens to frustrate the essential purpose of this Agreement. Defendant may exercise its right to terminate under this subsection by notifying Class Counsel of its election no later than ten (10) business days after receipt of the list of Persons who opted out.

## 7.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

**7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Settlement Class.

**7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

(a)    find that the Court has jurisdiction over all Settlement Class Members and Released Claims, such that the Court may approve the Agreement, including all exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

(c)    find that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear

at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)    find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(e)    dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

(f)    incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)    permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration (except disputes over the Claim Form as described in Paragraph 5.4), consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(i)    incorporate any other provisions, as the Court deems necessary and just, so long as they do not conflict with the other provisions of this Agreement.

**8.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**    Defendant acknowledges that Class Counsel is entitled to be paid from the Settlement Fund reasonable attorneys' fees and reimbursement of their expenses, in an amount approved by the Court, and that said amount shall serve as the Fee Award. The Fee Award shall be determined by the Court on the petition of Class Counsel. Without the Parties having discussed the issue of attorneys' fees at any point in their negotiations, and with no consideration given or

1   received, Class Counsel agrees to limit its petition for attorneys' fees and reimbursement of

2   expenses to no more than 30 percent (30%) of the Settlement Fund, or Three Million Six Hundred

3   Thirty Thousand US Dollars ($3,630,000.00). Payment of the Fee Award shall be made from the

4   Settlement Fund and should Class Counsel seek or be awarded less than this amount, the

5   difference in the amount sought and/or the amount ultimately awarded pursuant to this Paragraph

6   shall remain in the Settlement Fund for distribution to the claiming Class Members.

7       **8.2**    The Fee Award shall be payable within seven business (7) days after entry of the

8   Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys'

9   Fees and Costs (the "Undertaking") attached hereto as Exhibit E, and providing all payment

10  routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be

11  made by wire transfer to Class Counsel in accordance with wire instructions to be provided to the

12  Settlement Administrator, after completion of necessary forms, including but not limited to W-9

13  forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered

14  void, then any Person or firm who has received such funds shall be liable for payments made

15  pursuant to this subparagraph, and shall return such funds to the Settlement Fund by redepositing

16  them in the Escrow Account. Additionally, should any party to the Undertaking dissolve, merge,

17  declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Settlement

18  Class Members, the Parties shall work together in good faith to identify the appropriate successor

19  party(ies) and that party(ies) shall execute a new undertaking guaranteeing repayment of funds

20  within fourteen (14) days of such an occurrence. Class Counsel further agrees to maintain accurate

21  records and accounting regarding the distribution of the Fee Award.  Any disputes between the

22  Parties regarding the appropriate party(ies) to execute a new undertaking, as described above, shall

23  be submitted to the Honorable James F. Holderman (ret.) of JAMS for binding determination.

24      **8.3**    Defendant acknowledges that the Class Representatives shall be paid from the

25  Settlement Fund an incentive award, in an amount approved by the Court on the petition of Class

26  Counsel. With no consideration having been given or received, Plaintiffs agree to seek no more

27  than seven thousand five hundred dollars ($7,500.00) each from the Court as the incentive award.

28  Should the Court award less than this amount, the difference in the amount sought and the amount

ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such incentive awards shall be paid from the Settlement Fund (in the form of checks to the Class Representatives that are sent care of Class Counsel), within five (5) business days after entry of the Court's Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**     The Parties and their counsel have executed this Agreement;

**(b)**     The Court has entered the Preliminary Approval Order;

**(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party contends that another Party is in material breach of the terms of this Agreement, the non-breaching Party shall provide written notice to the breaching Party within thirty (30) days of the alleged breach. If the breaching Party fails to remedy or cure said breach within a reasonable

period of time following receipt of written notice, the non-breaching Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**10.    MISCELLANEOUS PROVISIONS.**

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)**     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**     is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)** is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**    Upon the Effective Date, all documents and information marked or designated as "Confidential" or "Highly Confidential - Attorney's Eyes Only," as defined in and subject to the Protective Order, granted on February 29, 2016 (dkt. 42), or any other protective order entered in this Action, shall be disposed of within the time frame and according to the procedures set forth in the Protective Order.

**10.6**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.7**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.8**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.9**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-

1  interest.

2  **10.10**  Except as otherwise provided herein, each Party shall bear its own costs.

3  **10.11**  Plaintiffs represent and warrant that they have not assigned any claim or right or

4  interest therein as against the Released Parties to any other Person or Party and that they are fully

5  entitled to release the same.

6  **10.12**  Each counsel or other Person executing this Settlement Agreement, any of its

7  Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and

8  represents that such Person has the full authority to do so and has the authority to take appropriate

9  action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10  **10.13**  This Agreement may be executed in one or more counterparts. Signature by digital

11  means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All

12  executed counterparts and each of them shall be deemed to be one and the same instrument. A

13  complete set of original executed counterparts shall be filed with the Court if the Court so

14  requests.

15  **10.14**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the

16  successors and assigns of the Parties hereto and the Released Parties.

17  **10.15**  The Court shall retain jurisdiction with respect to implementation and enforcement

18  of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for

19  purposes of implementing and enforcing the settlement embodied in this Agreement.

20  **10.16**  This Settlement Agreement shall be governed by and construed in accordance with

21  the laws of the State of California.

22  **10.17**  This Agreement is deemed to have been prepared by counsel for all Parties, as a

23  result of arm's-length negotiations among the Parties. Because all Parties have contributed

24  substantially and materially to the preparation of this Agreement, it shall not be construed more

25  strictly against one Party than another.

26  **10.18**  Where this Agreement requires notice to the Parties, such notice shall be sent to the

27  undersigned counsel: Rafey S. Balabanian, Edelson PC, 123 Townsend Street, Suite 100, San

28  Francisco, California 94107; Matthew D. Powers, O'Melveny & Myers LLP, Two Embarcadero

1   Center, 28th Floor, San Francisco, California, 94111.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.

SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES**:

    Dated: August 9, 2019        **TONY DICKEY,** individually and as representative of the Class

_(signature)_ Tony Dickey

    Dated: August 9, 2019        **PAUL PARMER,** individually and as representative of the Class

_____

    Dated: August 9, 2019        **ADVANCED MICRO DEVICES, INC.**

        By:_____

**IT IS SO STIPULATED BY COUNSEL:**

    Dated: August 9, 2019        **EDELSON PC**

        By:_____
        Rafey S. Balabanian
        Todd Logan
        *Attorneys for Plaintiffs and the Settlement Class*

    Dated: August 9, 2019        **O'MELVENY & MYERS, LLP**

        By:_____
        Matthew D. Powers
        E. Clay Marquez
        *Attorneys for Defendant*
        ADVANCED MICRO DEVICES, INC.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: August 9, 2019      **TONY DICKEY,** individually and as representative of the Class

_____

Dated: August 9, 2019      **PAUL PARMER,** individually and as representative of the Class

_Paul Parmer_
_____

Dated: August 9, 2019      **ADVANCED MICRO DEVICES, INC.**

By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: August 9, 2019      **EDELSON PC**

By:_____
Rafey S. Balabanian
Todd Logan
_Attorneys for Plaintiffs and the Settlement Class_

Dated: August 9, 2019      **O'MELVENY & MYERS, LLP**

By:_____
Matthew D. Powers
E. Clay Marquez
_Attorneys for Defendant_
ADVANCED MICRO DEVICES, INC.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: August 9, 2019      **TONY DICKEY,** individually and as representative of the Class

_____

Dated: August 9, 2019      **PAUL PARMER,** individually and as representative of the Class

_____

Dated: August 9, 2019      **ADVANCED MICRO DEVICES, INC.**

By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: August 9, 2019      **EDELSON PC**

By:_____
Rafey S. Balabanian
Todd Logan
_Attorneys for Plaintiffs and the Settlement Class_

Dated: August 9, 2019      **O'MELVENY & MYERS, LLP**

By:_____
Matthew D. Powers
E. Clay Marquez
_Attorneys for Defendant_
ADVANCED MICRO DEVICES, INC.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: August 9, 2019      **TONY DICKEY,** individually and as representative of
the Class

_____

Dated: August 9, 2019      **PAUL PARMER,** individually and as representative of
the Class

_____

Dated: August 9, 2019      **ADVANCED MICRO DEVICES, INC.**

By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: August 9, 2019      **EDELSON PC**

By:_____
Rafey S. Balabanian
Todd Logan
*Attorneys for Plaintiffs and the Settlement Class*

Dated: August 9, 2019      **O'MELVENY & MYERS, LLP**

By:_____
Matthew D. Powers
E. Clay Marquez
*Attorneys for Defendant*
ADVANCED MICRO DEVICES, INC.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: August 9, 2019    **TONY DICKEY,** individually and as representative of
the Class

_____

Dated: August 9, 2019    **PAUL PARMER,** individually and as representative of
the Class

_____

Dated: August 9, 2019    **ADVANCED MICRO DEVICES, INC.**

By:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: August 9, 2019    **EDELSON PC**

By:_____
Rafey S. Balabanian
Todd Logan
_Attorneys for Plaintiffs and the Settlement Class_

Dated: August 9, 2019    **O'MELVENY & MYERS, LLP**

By:_____
Matthew D. Powers
E. Clay Marquez
_Attorneys for Defendant_
ADVANCED MICRO DEVICES, INC.

# Exhibit A

# Exhibit A: Claim Form

**AMD CPU SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form, check the boxes that apply, and sign where indicated. Settlement Distributions will be paid on a per-CPU basis, with a maximum of five (5) qualifying purchases paid per Claimant, without proof of purchase. Claimants who purchased more than five (5) CPUs must provide proof of purchase upon request.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true:

☐ I purchased _____ [insert the number of CPUs purchased] AMD FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and/or FX-9590 CPUs.

☐ At the time I purchased the AMD CPU, I was living in the state of California; **and/or**

☐ Prior to purchasing the AMD CPU, I visited the AMD.com website.

Signature: _____   Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, and if accepted, you will be mailed a check for a *pro rata* share depending on the number of valid claim forms received.  This process takes time, please be patient.

**Questions, visit www.amdcpusettlement.com or call [toll free number]**

# Exhibit B

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

## If you purchased an AMD FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, or FX-9590 CPU, you may be part of a class action settlement.

AMD CPU Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #___

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]



---

### AMD CPU SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT. Instructions: Fill out each section of this form, check the boxes that apply, and sign where indicated. Settlement Distributions will be paid on a per-CPU basis, with a maximum of five (5) qualifying purchases paid per Claimant, without proof of purchase. Claimants who purchased more than five (5) CPUs must provide proof of purchase upon request.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ____ ____    Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true:

☐ I purchased ____ [insert the number of CPUs purchased] AMD FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and/or FX-9590 CPUs.

☐ At the time I purchased the AMD CPU, I was living in the state of California; **and/or**

☐ Prior to purchasing the AMD CPU, I visited the AMD.com website.

Signature: _____    Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form, if accepted you will be mailed a check for a *pro rata* share depending on the number of valid claim forms received. This process takes time, please be patient.

**Questions, visit www.amdcpusettlement.com or call [toll free number]**

A settlement has been reached in a class action lawsuit against Advanced Micro Devices, Inc ("AMD" or "Defendant"), alleging it violated the law by misrepresenting the number of "cores" in certain of its CPUs  AMD denies all claims and that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case

**Am I a Class Member?** Our records indicate you may be a Class Member  Class Members are persons that (1) purchased any of AMD's FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX-9590 computer chips, and (2) made that purchase *either* while living in California *or* after visiting the AMD com website (or both)  You are receiving this Notice because records produced in this case indicated that you likely made a purchase that fits these criteria  More information is available at www amdcpusettlement com

**What Can I Get?** If approved by the Court, Defendant will establish a Settlement Fund of $12,100,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the class representatives  If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, up to $300 per CPU you purchased

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form **no later than [claims deadline]**  You may use the Claim Form attached to this Notice or submit one online at www amdcpusettlement com

**What are My Other Options?** You may choose to exclude yourself from the Class by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**  If you exclude yourself, you will not receive a settlement payment, but you keep any rights you may have to sue AMD over the legal claims raised in the lawsuit  You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement  Your written objection must be filed no later than **[objection/exclusion deadline]**  Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www amdcpusettlement com  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments in this case  In addition, your claims relating to the alleged misrepresentations in this case against AMD will be released

**Who Represents Me?** The Court has appointed lawyers from Edelson PC to represent the class  These attorneys are called "Class Counsel "  You will not be charged for these lawyers  Plaintiffs Tony Dickey and Paul Parmer are Class Members and the Court appointed them "Class Representatives "  You can be represented by your own lawyer in this case at your expense

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **_____ .m. on [date]** in courtroom 2 at the Ronald V  Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612  At that hearing, the Court will: hear any objections to the fairness of the settlement; determine the fairness of the settlement; consider Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives up to $7500 00 each from the Settlement Fund for helping to bring and settle this case  Defendant has agreed to pay Class Counsel in an amount to be determined and awarded by the Court from the Settlement Fund

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www amdcpusettlement com, contact the settlement administrator at **1-___-___-____** or AMD CPU Settlement Administrator, **[address]**, or call Class Counsel at 1-415-212-9300

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS  All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

AMD CPU Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000



XXX

# Exhibit C

From: notice@classactionadmin.com
To: JohnQClassMember@gmail.com
Re: Legal Notice of Class Action

# If you purchased an AMD FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, or FX-9590 CPU, you may be part of a class action settlement

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit against Advanced Micro Devices, Inc. ("AMD" or "Defendant"), alleging it violated the law by misrepresenting the number of "cores" in its FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, or FX-9590 CPUs. AMD denies all claims and that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

## Am I a Class Member?

Our records indicate you may be a Class Member. Class Members are persons that (1) purchased any of AMD's FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX-9590 computer chips, <u>and</u> (2) made that purchase *either* while living in California *or* after visiting the AMD.com website (or both). You are receiving this Notice because records produced in this case indicated that you likely made a purchase that fits these criteria. More information is available at www.amdcpusettlement.com.

## What can I get?

If approved by the Court, Defendant will establish a Settlement Fund of $12,100,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award for the class representatives. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund, up to $300 per CPU you purchased. Claims will be limited to five (5) qualifying purchases per Claimant, absent proof of purchase. Claimants who purchased more than five (5) CPUs must provide proof of purchase upon request.

## How do I get a payment?

You must submit a timely and properly completed Claim Form **no later than [claims deadline]**. You may request a claim form or submit one online at www.amdcpusettlement.com.

## What are my other options?

You may choose to exclude yourself from the Class by sending a letter to the settlement administrator no later than [objection/exclusion deadline]. If you exclude yourself, you will not receive a settlement payment, but you keep any rights you may have to sue AMD over the legal claims raised in the lawsuit. You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.amdcpusettlement.com. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments in this case. In addition, your claims relating to the allegations in this case against AMD or any other Released Parties will be released.

**Who represents me?**

The Court has appointed lawyers from Edelson PC to represent the class. These attorneys are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Plaintiffs Tony Dickey and Paul Parmer are Class Members like you and the Court appointed them as "Class Representatives."

**When will the court consider the proposed settlement?**

The Court will hold the Final Approval Hearing at _____ .m. on [date] in courtroom 2 at the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612. At that hearing, the Court will: hear any objections to the fairness of the settlement; determine the fairness of the settlement; consider Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives up to $7500.00 each from the Settlement Fund for helping to bring and settle this case. Class Counsel will be paid from the Settlement Fund in an amount to be determined and awarded by the Court. Class Counsel will seek no more than 30% of the Settlement Fund; the Court may award less than this amount.

**How do I get more information?**

For more information, including the full Notice, Claim Form and Settlement Agreement go to www.amdcpusettlement.com, contact the settlement administrator at 1-___-___-____, or call Class Counsel at 1-415-212-9300.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT

THIS SETTLEMENT OR THE CLAIM PROCESS.  All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

# Exhibit D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you purchased an AMD FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, or FX-9590 CPU, you may be part of a class action settlement.

*A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Advanced Micro Devices, Inc. ("AMD" or "Defendant"), alleging it violated the law by misrepresenting the number of "cores" in certain of its AMD FX CPUs.

- You are included if you purchased one or more of the following AMD CPUs either (1) while residing in California or (2) after visiting the AMD.com website (or both): FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX-9590.

- Those who file claims will be eligible to receive a *pro rata* portion of the Settlement Fund, up to $300 per CPU purchased. If you do not have proof of your purchase(s), you may not make a claim for any more than five (5) CPUs.

- Please read this notice carefully. Your legal rights are affected regardless of whether you act or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a valid claim form either online or by mail. This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | To exclude yourself, you must affirmatively submit a request to be excluded. You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is known as *Dickey v. Advanced Micro Devices, Inc.*, No. 4:15-cv-04922 (N.D. Cal.). The people who sued, Tony Dickey and Paul Parmer, are called the "Class Representatives." The company that got sued, AMD, is called the "Defendant."

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Tony Dickey and Paul Parmer) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who choose to exclude themselves from the Class.

### 3. What is this lawsuit about?

The lawsuit claims that AMD misrepresented the number of cores in certain of its CPUs and that AMD is liable for violations of California's Unfair Competition Law and California's False Advertising Law, as well as other laws. AMD denies all claims and that it violated any law.

### 4. Why is there a settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than years from now, if at all.

More information about the Settlement and the lawsuit are available in the "Court Documents" section of the settlement website, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## WHO'S INCLUDED IN THE SETTLEMENT

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description and chooses not to request to be excluded is a member of the **Settlement Class**:

All individuals who purchased one or more of the following AMD CPUs either (1) while residing in California or (2) after visiting the AMD.com website: FX-8120, FX-8150, FX-8320, FX-8350, FX-8370, FX-9370, and FX-9590. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest and their current or former officers, directors, and employees, (3) persons who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors or assigns of any such excluded persons.

Information about the model CPU you purchased can be found in the email confirming your purchase and on the box the CPU came in. Based on the records obtained by Class Counsel, there are approximately 1 million potential Class Members.

If you are still not sure whether you are included, you can call the *Dickey v. Advanced Micro Devices, Inc.* Settlement Administrator at [ENTER NUMBER].  Or you can get free help by calling the lawyers appointed to represent class members in this case at 1-415-212-9300.

## THE SETTLEMENT BENEFITS

### 6. What does the settlement provide?

Defendant has created a Settlement Fund totaling $12,100,000.00. Class Member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees and an award to the Class Representatives will also come out of this fund.

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund based on the number of CPUs purchased, up to $300 per CPU purchased. Settlement Distributions will be paid on a per-CPU basis, with a maximum of five (5) qualifying purchases paid per Claimant, without proof of purchase. Claimants who purchased more than five (5) CPUs must provide proof of purchase upon request. This website will periodically be updated to provide the estimated payment amount based on the number of participating Settlement Class Members.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60 days after the Settlement has been finally approved and/or after any appeals process is complete.  The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.  If appropriate, funds remaining from the initial round of uncashed checks may be used for a second distribution to participating class members and/or may be donated to one or more charity(ies) agreed on by the Parties and approved by the Court.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to receive a payment, you must complete and submit a valid Claim Form by [Claims Deadline]. Claim Forms can be found and submitted online or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice, which can be submitted by mail. To submit a Claim Form online or to request a paper copy, go to www.amdcpusettlement.com or call toll free, 1-800-000-0000.

We also encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the class?

If the Settlement becomes final, you will give up your right to sue the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain related parties (collectively, the "Released Parties"),  described in Sections 1.23 and 1.24 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 12 for free by calling 1-415-354-3015, or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to bring or participate in any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed lawyers at the firm Edelson PC to represent the Class. They are called "Class Counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.edelson.com. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

The Court also appointed Plaintiffs Tony Dickey and Paul Palmer, who each purchased AMD's CPUs, as the Class Representatives.

**13. How will the lawyers be paid?**

Class Counsel attorneys' fees and costs will be paid from the Settlement Fund in an amount to be determined and awarded by the Court. The fee petition will seek no more than 30% of the Settlement Fund. The Court may award less than this amount. Under the settlement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, each Class Representative will be paid up to $7,500.00 from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. How do I get out of the settlement?**

To exclude yourself from the settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Dickey v. Advanced Micro Devices, Inc.*, No. 4:15-cv-04922 (N.D. Cal.) settlement. Your letter or request for exclusion must include your name and address, the model of the CPU that you purchased and a statement that you resided in California at the time of purchase or visited the AMD.com website prior to purchase, and your signature. You must mail your exclusion request no later than [**DATE**], to:

*Dickey v. Advanced Micro Devices, Inc*. Settlement Administrator
ADDRESS

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this settlement?**

No. If you exclude yourself, you should not submit a Claim Form to ask for benefits because you won't receive any.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement being proposed. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear

through your own attorney, you are responsible for hiring and paying that attorney. If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. All written objections and supporting papers must (a) clearly identify the case name and number *Dickey v. Advanced Micro Devices, Inc.*, No. 4:15-cv-04922 (N.D. Cal.), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, (c) include your name and address, (d) an explanation of the basis upon which you claim to be a Class Member (including the model of the CPU that you purchased and a statement that you resided in California at the time of purchase or visited AMD.com prior to purchase), (e) all grounds for the objection, including all citations to legal authority and evidence supporting the objection, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature, and (g) be filed or postmarked on or before [DATE].

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

## 18. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the court decide whether to approve the settlement?

The court will hold the final approval hearing on [date] in courtroom 2 at the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.amdcpusettlement.com or call 1-800-000-0000 to confirm the hearing date. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the final approval hearing, you will receive notice of any change in the date of such final approval hearing.

## 20. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

## 21. May I speak at the hearing?

Yes.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Dickey v. Advanced Micro Devices, Inc.*, No. 4:15-cv-04922 (N.D. Cal.). It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [objection deadline].

**GETTING MORE INFORMATION**

**22. Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.amdcpusettlement.com. You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also write with questions to *Dickey v. Advanced Micro Devices, Inc.* Settlement Administrator, [ADDRESS]. And you can call the *Dickey v. Advanced Micro Devices, Inc.* Class Action Administrator at [PHONE] or Class Counsel at 1-415-212-9300, if you have any questions. Before doing so, however, please read this full Notice carefully.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT

THIS SETTLEMENT OR THE CLAIM PROCESS. All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

# Exhibit E

1
2
3
4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

5
6

TONY DICKEY AND PAUL PARMER,
individually and on behalf of all others
similarly situated,

Case No. 4:15-cv-04922-HSG

Hon. Haywood S. Gilliam, Jr.

7

*Plaintiffs*,

8
9

v.

10

ADVANCED MICRO DEVICES, INC., a
Delaware corporation,

11

*Defendant*.

12

13

**STIPULATED UNDERTAKING RE: ATTORNEYS' FEES AND COSTS**

14     Defendant Advanced Micro Devices, Inc, ("AMD"), and Plaintiffs Tony Dickey and Paul

15   Parmer ("Plaintiffs") (collectively, "the Parties"), by and through and including their

16   undersigned counsel, stipulate and agree as follows:

17     WHEREAS, Class Counsel and their law firm Edelson PC (collectively "Edelson PC")

18   desire to give an undertaking (the "Undertaking") for repayment of any award of attorneys' fees

19   and costs approved by the Court;

20     WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

21   service of judicial economy and efficiency;

22     **NOW, THEREFORE**, the undersigned Class Counsel, on behalf of themselves and as

23   an agents of their law firm, Edelson PC, by making this Undertaking, hereby submit themselves

24   and their law firm, Edelson PC, and its shareholders, members, and/or partners, to the

25   jurisdiction of the United States District Court for the Northern District of California ("the

26   Court") for the purpose of enforcing the provisions of this Undertaking and any and all disputes

27

28

relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement. Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement. In the event that the Final Settlement Order and Judgment is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, in whole or in part, Class Counsel shall, within thirty (30) days repay to Defendant the full amount of the attorneys' fees and costs paid by Defendant to Class Counsel.

In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant the attorneys' fees and costs paid by Defendant to Class Counsel and/or the Class Representative in the amount vacated or modified.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event Class Counsel fails to repay to Defendant any of the attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to Class Counsel and Edelson PC, summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel and Edelson PC for the full amount of the attorney's fees and costs plus any additional attorney's fees or costs incurred by Defendant in connection with the litigation or enforcement of this Undertaking, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulates, warrants, and represents that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Edelson PC.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or electronic signature shall be deemed the same as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

1

2    IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

3

4    Dated: August 9, 2019
                                           Rafey S. Balabanian (SBN 315962)
                                           rbalabanian@edelson.com
5                                          Todd Logan (SBN 305912)
                                           tlogan@edelson.com
6                                          EDELSON PC
                                           123 Townsend Street,
7                                          San Francisco, California 94107
                                           Tel: 415.212.9300
8                                          Fax: 415.373.9435

9

10   By: /s/

11   *On behalf of themselves and Edelson PC*
     *Attorneys for Plaintiff and the Class*
12

13

14   Dated: August 9, 2019
                                           MATTHEW D. POWERS (S.B. #212682)
                                           mpowers@omm.com
15                                         E. CLAY MARQUEZ (S.B. #268424)
                                           cmarquez@omm.com
16                                         O'MELVENY & MYERS LLP
                                           Two Embarcadero Center, 28th Floor
17                                         San Francisco, CA  94111-3823
                                           Telephone:    (415) 984-8700
18                                         Facsimile:    (415) 984-8701

19

20   By: /s/

21   *Attorneys for Defendant*
     *ADVANCED MICRO DEVICES, INC.*
22

23

24

25

26

27

28

STIPULATED UNDERTAKING                3                NO. 4:15-CV-04922-HSG