UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY DICKEY, and PAUL PARMER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 4:15-cv-04922-HSG<br><br>**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC REGARDING SETTLEMENT CLAIMS FILED AND ESTIMATED PAYOUT PER CPU PURCHASED** |

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a partner at the class action notice and settlement administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2. My credentials have been previously reported to this Court in my initial declaration which was filed with Plaintiffs' *Motion for Preliminary Approval of Class Action Settlement Agreement* and directing Notice under Fed. R. Civ. P. 23(e) (Dkt. No. 153).

3. The purpose of this declaration is to provide the Court with an update on the claims submitted in this matter and the estimated payout per CPU purchase since my last Declaration which was filed with Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (Dkt. No. 162).

**CLAIM FORM SUBMISSIONS**

4.      The deadline for Settlement Class Members to submit a Claim Form was January 3, 2020. As of February 5, 2019, Angeion had received 164,335 Claim Form submissions. Of the 164,335 filed claims, 120,907 had been approved to receive a Class Member Settlement Payment, 43,321 had been denied, 106 were undetermined and still under review, and 1 had been withdrawn by the Class Member. Claims were denied on the basis of; (1) the claimant not affirmatively checking the box on the claim form attesting that they, (a) purchased an Eligible Product, (b) at the time of their purchases were either living in California and/or prior to purchasing the Eligible Product, visited the AMD.com website, (2) failed to provide a signature on the claim form, (3) the claim was identified as a duplicate of another approved claim, or, (4) the claimant does not reside in the United States of America.

5.      Since I executed my previous Declaration, which was filed contemporaneously with Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (Dkt. No. 162), Angeion received an additional 29 corrected claim forms that were timely postmarked and has finished its review of the 106 previously-undetermined Claim Forms. Of these 135 claims, 99 claims (representing 751 Eligible Product purchases) have now been approved, and 36 claims have been denied for one or more of the reasons outlined above.

**CLAIM FORMS WITH NON-U.S. ADDRESSES**

5.      In my last Declaration, which was filed contemporaneously with Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement (Dkt. No. 162), I also noted that at the time of its submission, one of the bases upon which claims were denied was the fact that "the claimant does not reside in the United States of America." At that time, Angeion had identified 2,333 claims (representing 3,892 Eligible Product purchases) where the claimant listed a mailing address outside of the United States on their Claim Form.

6.      Upon further review, Angeion has determined that for 210 of those Claim Forms, the claimants checked the box indicating that "[a]t the time [they] purchased the AMD CPU, [they were] living in the state of California. Accordingly, the parties agree, and Angeion concurs, that these claims should be paid consistent with the class definitions certified in this action. Those approved

claims are reflected in the updated claims numbers reported below.

7. For the remaining 2,123 internationally-filed Claim Forms (representing 3,892 Eligible Product purchases), the claimants instead checked the box on the Claim Form indicating that "[p]rior to purchasing the AMD CPU, [they] visited the AMD.com website." Although these Claim Forms reflect a current mailing address outside of the United States, the information reflected on the Claim Form is insufficient to determine whether the claimant was a U.S. resident at the time they purchased their Eligible Product and viewed the AMD.com website. For that reason, at this time, the remaining 2,123 claims have been conditionally approved for payment, subject to the Court's final approval, and are reflected in the updated claims numbers reported below.

8. The anticipated effect of paying those additional 2,123 claims (representing 3,892 Eligible Product purchases) is to reduce the estimated payout per Eligible Product purchased by approximately by approximately $0.60, which—together with the additional claims approved since my last Declaration—will result in an approximate payout of $30.40 per Eligible Product (as compared to approximately $31.00 per class member).

9. In the alternative, Angeion could contact each of the 2,123 claimants to obtain further confirmation and attestations regarding whether or not they were in the United States at the time of their eligible purchases. The cost of doing so would be between $3,245.00 and $11,748.55, depending on the method of contact used and the number of responses received to those follow-up requests. These costs would be in addition to the costs of paying any claims for which a positive confirmation and attestation is received.

**ESTIMATED PAYOUT PER ELIGIBLE PRODUCT PURCHASED**

10. Assuming the Court approves of payment of the internationally-filed claim forms, setting aside $10,000.00 as a reserve, administrative expenses of $658,031.57, Class Counsel's fees and expenses totaling $3,072,517.37, the Class Representative's Incentive Awards totaling $15,000.00, and Plaintiff Dickey's litigation costs of $2,482.85, Angeion estimates that the approximate payout per Eligible Product purchase will be $30.40 for each of the 274,376 Eligible Product purchases claimed on the 123,437 approved claims.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2020

                                                                            _____
                                                                            STEVEN WEISBROT