Rafey S. Balabanian (SBN – 315962)
rbalabanian@edelson.com
Todd Logan (SBN – 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

*Attorneys for Plaintiffs and the Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TONY DICKEY and PAUL PARMER, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 4:15-cv-04922-HSG<br><br>**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT** |

1   This matter came before the Court for hearing on February 20, 2020. The Court has considered Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement, Dkt. 162, including the class action settlement agreement (the "Settlement Agreement") between Plaintiffs Tony Dickey and Paul Parmer on behalf of themselves and all members of the Settlement Class (the "Plaintiffs") and Defendant Advanced Micro Devices Inc. ("Defendant") attached as Exhibit 1 to the Motion, Dkt. 162-3, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, as well as Plaintiffs' Motion for Attorneys' Fees and Costs and Class Representative Incentive Awards, Dkt. 161, together with all exhibits thereto.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   Terms and phrases in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement.

2.   The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment.

3.   The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order and consisting of individual notice via first-class U.S. Mail postcard and/or email to the Settlement Class, publication notice, a comprehensive digital media campaign, an interactive settlement website, and a toll-free hotline has been successful and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated to, under all circumstances, apprise Settlement Class Members of the pendency of the Litigation, the certification of the Class, the terms of the Agreement, and the right of members to object to the Settlement or to exclude themselves from the Settlement Class; (2) complies with the requirements of the Federal Rules of Civil Procedure, the Due Process Clause; and (3) constitutes the best notice practicable under the circumstances.

4.   The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of this notice and finds that it

1 complied with all applicable requirements of CAFA. Further, more than ninety (90) days have
2 elapsed since notice was provided pursuant to CAFA and the Final Approval Hearing.

3     5.    This Court now gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement of $12,100,000 constitutes fair value given to in exchange for the release of the Released Claims against the Released Persons. Pursuant to the Settlement Agreement, within 10 business days of the entry of Final Approval, Defendant shall pay or caused to be paid the final Settlement Payment to the Settlement Fund. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable and in the best interests of the Settlement Class Members considering the disputed facts and circumstances of and affirmative defenses asserted in the Litigation and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties, including negotiations presided over by the Honorable James F. Holderman, a former Chief Judge of the Northern District of Illinois support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. See *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides substantial monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Plaintiffs; and the benefits provided to Settlement Class Members are appropriate under the circumstances of this case.

    6.    The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the

experience and views of counsel; and the reaction of the Settlement Class Members to the proposed settlement and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

7.  Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.  Six (6) individuals have requested exclusion from the Settlement Class and the settlement of this matter: Jonathan Barrett, Justin Brubaker, Adriel Douglass, Christopher Galliart, Virginia A. Macgowan, Matthew B. Nelson. Accordingly, this Final Order and Judgment shall not bind or affect those individuals.

9.  The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiffs and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

10. The Releases are effective as of the Final Settlement Date and the Released Persons are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims.

11. The Court has also considered Plaintiffs' Motion for attorneys' fees of $3,025,000 and expenses of $47,517.37 to Class Counsel and adjudges that these payments are fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as demonstrated by their sworn declaration and the complexity of the legal and factual issues involved. The Court finds that the Attorneys' Fees and Expenses awarded to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (finding in this Circuit, a 25% fee is the accepted "benchmark" in common fund cases); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

12. The Court has also considered Plaintiffs' Motion and supporting declarations for Incentive Awards. The Court adjudges that the payment of an incentive award in the amount of $5,000 to each of the Class Representatives in this case, to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). The Court further adjudges that the payment of Plaintiff Tony Dickey's litigation costs in the amount of $2,482.85 is reasonable and justified under the circumstances. Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement. The Court also approves the sum of $668,031.57 to be paid to Angeion, the Settlement Administrator, for notice and administrative costs to be paid from the Settlement Fund.

13. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b) offered by any person or received against the Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c) offered by any person or received against the Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

    (d) offered by any person or received against Plaintiffs or the Settlement Class as an admission of or evidence that any of the Settlement Class Members' claims are with or without merit; or

    (e) offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order and Judgment.

14. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiffs and all Settlement Class Members who have not opted out of the Agreement are barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Further, Plaintiff and all Settlement Class Members who have not opted out of the settlement are barred from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

16. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

17. Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Final Order and Judgment. Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over the construction, interpretation,

consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

18. The Clerk is DIRECTED to send a copy of this Final Order and Judgment to all counsel of record and to CLOSE this case.

**IT IS SO ORDERED.**

DATED: _____  _____
**HON. JUDGE HAYWOOD S. GILLIAM, JR.**
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dated: February 27, 2020 | E. CLAY MARQUEZ<br>O'MELVENY & MYERS LLP<br><br>By:  /s/ *E. Clay Marquez*<br>        E. Clay Marquez<br><br>Attorneys for Defendant<br>ADVANCED MICRO DEVICES, INC. |
| Dated: February 27, 2020 | TODD LOGAN<br>EDELSON PC<br><br>By:  /s/ *Todd Logan*<br>        Todd Logan<br><br>Attorneys for Plaintiffs<br>TONY DICKEY and PAUL PARMER |

## **ATTESTATION OF FILING**

Pursuant to Local Rule 5.1(i)(3) regarding signatures, I, Todd Logan, hereby attest that concurrence in the filing of this Stipulated [Proposed] Final Order and Judgment has been obtained from E. Clay Marquez with conformed signatures above.

| | |
|---|---|
| Dated: February 27, 2020 | By:  /s/ Todd Logan<br><br>Rafey S. Balabanian (SBN – 315962)<br>rbalabanian@edelson.com<br>Todd Logan (SBN – 305912)<br>tlogan@edelson.com<br>EDELSON PC<br>123 Townsend Street, Suite 100<br>San Francisco, California 94107<br>Tel: 415.212.9300<br>Fax: 415.373.9495<br><br>*Attorneys for Plaintiffs and the Class* |